1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

RUBEN MARTINEZ,
CDCR #AE0-9920

11

12                                    Plaintiff,

13

14                       vs.

15

16

BILL GORE, Elective Sheriff;
COUNTY OF SAN DIEGO,

17

18

19                                    Defendants.

20

21

Civil No.    11cv1068 WQH (RBB)

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [ECF No. 2];**

**AND**

**(2)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)**

22        Ruben Martinez ("Plaintiff"), currently incarcerated at the California Substance Abuse

23   Treatment Facility located in Corcoran, California, and proceeding pro se, has filed a civil rights

24   Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated

25   by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

26   pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

27   / / /

28   / / /

1  **I.      MOTION TO PROCEED IFP**

2          All parties instituting any civil action, suit or proceeding in a district court of the United

3  States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

4  U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only

5  if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

6  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however,

7  remain obligated to pay the entire fee in installments, regardless of whether the action is

8  ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

9          Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

10  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

11  statement (or institutional equivalent) for the prisoner for the six-month period immediately

12  preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  From the certified trust account

13  statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

14  in the account for the past six months, or (b) the average monthly balance in the account for the

15  past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C.

16  § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  That institution having custody of the prisoner must

17  collect subsequent payments, assessed at 20% of the preceding month's income, in any month

18  in which the prisoner's account exceeds $10, and forward those payments to the Court until the

19  entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

20          The Court finds that Plaintiff has attached a certified copy of his trust account statement

21  pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement

22  shows that he has insufficient funds from which to pay filing fees at this time.  *See* 28 U.S.C.

23  § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil

24  action or appealing a civil action or criminal judgment for the reason that the prisoner has no

25  assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

26  (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

27  IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when

28  payment is ordered.").  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF

No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A

The PLRA's amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon

which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### A.    42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States.  *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B.    Inadequate  medical care claims

In his Complaint, Plaintiff alleges that he was denied adequate medical treatment while he was housed at the George Bailey Detention Facility and prior to his transfer to the California Department of Corrections and Rehabilitation.  (*See* Compl. at 3.)  It is unclear whether Plaintiff was a pre-trial detainee or whether he was serving a sentence following a criminal conviction at the time he was housed at the George Bailey Detention Facility.  The Ninth Circuit has noted that while different Constitutional provisions may be applied dependent on whether a plaintiff's claim arose before or after conviction, a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf.  Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange*, 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued  was "deliberately indifferent to his serious medical needs."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical

needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, Plaintiff alleges that he was injured in a fight at George Bailey Detention Facility on September 15, 2010.  (*See* Compl. at 3.)  On September 26, 2010, Plaintiff received x-rays which determined that he had a jaw fracture for which he received pain medication, was placed on a soft food diet and informed he would be seen by an outside specialist. (*Id.*)  Approximately three weeks later, Plaintiff was transferred to the custody of the California Department of Corrections and Rehabilitation, he was examined by medical staff who informed him that his jaw was broken and "not healing correctly." (*Id.*)  Plaintiff indicates that he is "disappointed" by the negligence of the medical staff at George Bailey Detention Facility. (*Id.*)  However, inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Thus, Plaintiff's cruel and unusual punishment claims must dismissed for failing to state a claim upon which relief can be granted.

In addition, Plaintiff names San Diego County Sheriff William Gore as a Defendant but fails to assert any specific factual allegations pertaining to this Defendant.  There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal

connection to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show:  (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Gore.

Finally, to the extent Plaintiff has named the County of San Diego as a Defendant, a municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to plead liability on behalf of the County, Plaintiff must allege:  (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation."  *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Put another way, in order to state a § 1983 claim against the County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual county officers whose conduct both violated the constitution and conformed to an official county policy, custom or practice.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  Plaintiff has failed to adequately allege a § 1983 claim against the County of San Diego.

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

**III.    CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2)    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3)    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

(4)    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** sixty (60) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading  noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, Plaintiff is cautioned that should he elect not to amend, or if his Amended Complaint still fails to state a claim upon which relief may be granted, the dismissal of this

1  action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).  *See*

2  *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3        (5)    The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

4
   DATED:  July 26, 2011
5

6  **WILLIAM Q. HAYES**
   United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28